UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAWRENCE DEWAYNE SLOCUM,

        Petitioner,

vs.                               Case No. 3:15-cv-1153-J-39MCR

SECRETARY, DOC, et al.,

        Respondents.

## **ORDER**

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on September 22, 2015, pursuant to the mailbox rule.[1] He challenges his 2011 Union County conviction for robbery and burglary with battery. Id. at 1.

Respondents, in their Motion to Dismiss (Response) (Doc. 16), contend that Petitioner has failed to comply with the one-year limitation period set forth in 28 U.S.C. § 2244(d). They provide

---

[1] The Petition was filed with the Clerk on September 29, 2015; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (September 22, 2015). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

exhibits in support of their contention. (Doc. 17).[2] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 10). Petitioner filed a Reply to Respondents' Motion to Dismiss (Reply) (Doc. 18). Petitioner counters the Respondents' contention of untimeliness by asserting that Respondents' failed to take into consideration the law governing the finality of a state court judgment and the related calculation of timeliness. Id. at 1.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant

---

[2] The Court refers to the Respondents' Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the Court will reference the page number on the particular document. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

2

> was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court will provide the relevant procedural history. On September 25, 2006, a jury returned a verdict finding Petitioner guilty of robbery and burglary of a conveyance with battery. Ex. H at 34. Judgment and sentence were entered on September 25, 2006. Ex. B at 3. Petitioner filed a Rule 3.850 motion for post conviction relief July 9, 2010. Ex. H at 1-23. In an order filed July 27, 2011, the circuit court granted in part and denied in part the Rule 3.850 motion, finding Petitioner entitled to be resentenced by the original sentencing judge. Id. at 24-31. On October 19, 2011, the original sentencing judge resentenced Petitioner to fifteen years with a minimum mandatory term of

fifteen years on the first count, to be followed by fifteen years on the second count. Id. at 97-101; 128-39. On November 7, 2011, Petitioner, through counsel, filed a notice of appeal, appealing the Amended order of judgment and sentence rendered October 19, 2011. Id. at 106. Time to appeal the partial denial of the Rule 3.850 motion expired on August 26, 2011, thirty days after the court's decision. See Ex. K; Ex. M at 4. Petitioner untimely filed his pro se notice of appeal of the order denying his Rule 3.850 motion on November 9, 2011, pursuant to the mailbox rule. Id. at 112-13.

The brief on post conviction appeal filed by counsel raised one issue: the trial court erred in summarily denying a claim that trial counsel was ineffective in failing to pursue a suppression issue. Ex. I. On July 24, 2012, the First District Court of Appeal (1st DCA) dismissed the appeal as untimely from the order finally deciding Petitioner's claims for collateral relief, explaining that "[b]ecause no notice of appeal was filed within thirty days of the order disposing of the appellant's postconviction claims, and no issue has been raised regarding the resentencing, we are without jurisdiction to hear this appeal." Ex. M at 4. Although Petitioner moved for rehearing, rehearing was denied and the mandate issued on September 21, 2012. Ex. N; Ex. O; Ex. P.

On November 7, 2012, Petitioner sought a belated appeal, Ex. Q, but the 1st DCA denied it on January 29, 2013. Ex. S. On May 13, 2013, Petitioner filed a petition for writ of mandamus in the Supreme Court of Florida, Ex. T, and it was denied without prejudice to petitioner seeking a belated discretionary review. Ex. U. On May 11, 2014, Petitioner filed a petition for belated discretionary review. Ex. V. The Supreme Court of Florida, on October 1, 2014, construed it to be a notice to invoke discretionary jurisdiction and created a new case. Ex. W. Briefs were filed. Ex. X; Ex. Y. On February 12, 2015, the Supreme Court of Florida declined to accept jurisdiction and denied the petition for review. Ex. Z.

On March 24, 2015, Petitioner filed a second Rule 3.850 motion, Ex. AA, and it was denied in an order filed on April 9, 2015. Id. Petitioner appealed, id., and the 1st DCA per curiam affirmed on August 25, 2015. Ex. BB. The mandate issued on September 22, 2015. Id.

Upon review, Petitioner's judgment and sentence became final on Friday, November 18, 2011, when the thirty-day time period to appeal expired.[3] Green v. Tucker, No. 3:10cv418/MCR/MD, 2011 WL

---

[3] Petitioner's argument in his Reply that Respondents did not properly take into consideration the law governing the finality of a state court judgment when calculating the one-year limitation period is well-founded. The trial court's order of resentencing, dated October 19, 2011, Ex. H at 97-101, reset the clock for purposes of calculating the one-year limitation period. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir.

5

6942895, at *3 (N.D. Fla. Nov. 17, 2011) (Not Reported in F.Supp.2d) ("It is well established that when a Florida defendant does not directly appeal his conviction, his conviction becomes final thirty (30) days after rendition of the order of judgment of conviction and sentence."), report and recommendation adopted by 2012 WL 13552 (N.D. Fla. Jan. 4, 2012). Admittedly, Petitioner's counsel filed a notice of appeal regarding the new sentence, but not only did the 1st DCA dismiss the appeal as untimely, it also found that it was without jurisdiction to hear the appeal because no issue was raised regarding resentencing. Ex. M.

If there is a state court determination of untimeliness, this Court will defer to that determination. Allen v. Siebert, 552 U.S. 3, 7 (2007) (per curiam); Sykosky v. Crosby, 187 F. App'x 953, 958 (11th Cir. 2006) (per curiam), cert. denied, 549 U.S. 1141 (2007); Rollins v. McNeil, No. 4:09cv319-RS-WCS, 2010 WL 3001440, at *2 (N.D. Fla. June 14, 2010) (not reported in F.Supp.2d), report and recommendation adopted by 2010 WL 3001436 (N.D. Fla. July 27, 2010) (not reported in F.Supp.2d).

---

2007) ("AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence.") (emphasis in original) (applying the United States Supreme Court's ruling in Burton v. Stewart, 549 U.S. 147 (2007)), cert. denied, 555 U.S. 1149 (2009). Here, the circuit court's amended sentence restarts the clock. Unfortunately for Petitioner, his Petition is still untimely filed.

6

The one-year limitation period began to run on November 19, 2011, and ran untolled, until it expired on Sunday, November 18, 2012, giving Petitioner until Monday, November 19, 2012 to file a timely federal petition. Thus, the Petition filed on September 22, 2015 is untimely filed.

Although Petitioner filed a petition seeking belated appeal of the order denying post conviction relief prior to the expiration of the limitation period, Ex. Q, the petition for belated appeal "does not qualify as an application for collateral review." Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016). As a result, there was no statutory tolling of the one-year statute of limitation by the filing of a motion for belated appeal. Simply, "filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus." Id. at 1305 (quoting Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015)). Furthermore, the 1st DCA denied the petition for belated appeal, Ex. S. Thus, the state court did not reopen review.

Although on May 13, 2013, Petitioner for writ of mandamus, it was filed after the one-year period expired, and it was denied. Ex. T; Ex. U. It never triggered "a reexamination of his conviction or sentence[.]" Espinosa, 804 F.3d at 1142. Additionally, even though Petitioner filed a petition for belated discretionary review on May 11, 2014, the Supreme Court declined to

7

accept jurisdiction and denied the petition for review. Ex. V; Ex. W; Ex. X; Ex. Y; Ex. Z. Therefore, in this case, there was no "lift[ing of] the finality that had attached to his conviction and sentence." Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017).

Alternatively, these particular filings did not operate to toll the limitation period as they were filed following the expiration of the limitation period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.[4]

---

[4] In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). It is the petitioner's burden of persuasion,

Additionally, Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).[5]

Accordingly, it is now

**ORDERED:**

1. The Petition and the case are **DISMISSED WITH PREJUDICE.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[6] Because this Court

---

and Petitioner has not met this burden.

[5] In his grounds for habeas relief, Petitioner contends he received the ineffective assistance of counsel for failure to secure a ruling on a motion to suppress a suggestive photo line-up and for failure to request a lesser included offense to robbery, robbery by sudden snatch. Petition at 4-6. He does not, however, claim actual innocence, see Petition & Reply, and has failed to demonstrate that he has new evidence establishing actual innocence.

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/25
c:
Lawrence DeWayne Slocum
Counsel of Record